CITY NAT'L BANK OF SOUTH NORWALK, EXTR.
vs.
ADA BROADLEY, ET ALS.

Superior Court          Fairfield County          File #54448

## MEMORANDUM FILED MARCH 28, 1938.

Light & Light, of South Norwalk, for the Plaintiff.

Taylor & Lovejoy, of South Norwalk, for the Defendant.

CORNELL, J.   It appears that Eliza E. Bland deceased on June 2, 1932 leaving an estate which, according to the inventory, comprised the following items:

| | |
|---|---:|
| House and lot appraised at | $4,050.00 |
| Deposits in bank | 1,074.57 |
| Wearing apparel | 10.00 |
| Total | $5,134.57 |

In paragraph two of her last will, the deceased provided: "I give and bequeath to my sister, Ada Broadley, wife of James Broadley of Lawrence, Massachusetts, all of my personal property and effects of every kind and character, to have and to hold the same absolutely to her and to her heirs and assigns forever." In the third, and final, paragraph, the deceased provided: "All the rest, residue and remainder of my estate, both real and personal . . ., I direct shall be divided by my executor into four equal parts and of said four parts, I make the following disposition." In the division which follows, the deceased's sister, Ada Broadley (who, as noted, is the beneficiary under the second paragraph of the will) is given a one-fourth share of the residue outright and a remainder in another fourth following the life use in said fourth bestowed upon another sister, viz., Jennie Rigg.

The executor submits two questions for the advice of the court, viz., (a) Is Ada Broadley entitled to all the personal estate under paragraph second of the will?   (b) Are the beneficiaries under paragraph third entitled to any of the personal property?"

It is, of course, manifest that if the testatrix intended by the provision in paragraph two, that her sister Ada and the latter's heirs should have all of her personal property there could be no estate of that species to pass under the residuary clause in the third paragraph. From this the inference must be drawn that she used the term "personal property" as it appears in the second paragraph as not connoting the same thing as does the word "personal" in the phrase "all the.... residue . . . of my‚estate, both real and personal" in the third paragraph. Otherwise, it would be impossible to give effec‚ to both provisions.

In *Stearns vs. Stearns,* 103 Conn. 213, 220, it is said: " 'Personal estate' is an ambiguous term. It may be used to designate every species of property not coming under the denomination of real estate; in its broader meaning it embraces personal property of every description and kind. . . . It may be used to designate personal effects, as jewelry, wearing apparel and the like, but not stocks or intangibles." In the absence of extrinsic evidence to throw light on the sense in which the testatrix employed the term, the court is limited to the context of the will in ascertaining the testamentary intention. Obviously, were the sense in which the term "personal property" is used in the second paragraph to be given a broad significance an irreconcilable repugnancy would exist between the provisions of that paragraph and the third.

The only permissible construction to be given the provisions in question when read together, it would seem, is to hold that the words "personal property" as used in the second paragraph are employed synonomously with "personal effects" which follow it and since the only "personal effects" in the estate were the testatrix' wearing apparel, that is all that passed to Ada Broadley under that clause. From this it follows that all other personal property (i.e. everything except real estate and any interests therein) of which the testatrix died possessed, is subject to the operation of the residuary clause.

The executor is, therefore, advised: (1) that Ada Broadley is entitled to have only the personal effects owned by the testatrix at the time of her death under the second paragraph of the will, and (2) the beneficiaries under paragraph third of the will are entitled to all personal property owned by the testatrix at the time of her death, except the testatrix' personal effects.